UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiffs,

    v.

TIMOTHY JOHN ROGERS,

        Defendants.

NO. CR. 06-0212 WBS

MEMORANDUM RE: SENTENCING
ENHANCEMENTS

----oo0oo----

Defendant Timothy John Rogers was convicted of possessing a firearm in violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm).  The government asks the court to increase the base offense level by nine points upon the ground that defendant qualifies as an Armed Career Criminal under 18 U.S.C. § 924(e).  The government also seeks a two-level enhancement for obstruction of justice under section 3C1.1 of the United States Sentencing Guidelines.

I.  Armed Career Criminal Act: 18 U.S.C. § 924(e)

Generally, the facts necessary to support an upward

1

1  adjustment the offense level need only be proved by a
2  preponderance of the evidence.  United States v. Charlesworth,
3  217 F.3d 1115, 1158 (9th Cir. 2000).  However, if a sentencing
4  factor has "an extremely disproportionate effect on the sentence
5  relative to the offense of conviction," clear and convincing
6  evidence may be required.  United States v. Gonzalez, 492 F.3d
7  1031, 1039 (9th Cir. 2007).

8       Which standard of proof applies depends on the totality
9  of the circumstances, including whether the enhanced sentence 1)
10 falls within the maximum sentence for the charged crime; 2)
11 negates the defendant's innocence or prosecution's burden of
12 proof; 3) creates new offenses that require separate punishment;
13 4) is based on the extent of a conspiracy; 5) is less than or
14 equal to four levels; or 6) is more than double an original,
15 relatively short, sentence.  Id.  Even when a majority of the
16 factors do not suggest using the heightened standard, a nine-
17 level enhancement "'strongly supports application of the clear
18 and convincing standard.'"  Id. (quoting  United States v.
19 Jordan, 256 F.3d 922, 929 (9th Cir. 2001)).  Since 1999, it
20 appears that the Ninth Circuit has applied the heightened
21 standard of proof when the enhancement is greater than four
22 levels and more than doubles the applicable sentencing range.
23 Gonzalez, 492 F.3d at 1040 (citing Jordan, 256 F.3d at 929
24 (O'Scannlain, J., concurring)).

25      In this case, the base offense level for § 922(g)(1) is
26 twenty-four and the Armed Career Criminal enhancement would
27 increase the offense level to thirty-three, resulting in a nine-
28 level enhancement.  Enhancing the offense level to thirty-three

1  would more than double the sentencing range, increasing it by 135

2  to 168 months.  Therefore, the increases in the offense level and

3  sentencing range require the government to satisfy the clear and

4  convincing standard.

5         The Armed Career Criminal Act, § 924(e)(1), provides:

6  "In the case of a person who violates section 922(g) of this

7  title [felon in possession of a firearm] and has three previous

8  convictions . . . for a violent felony . . . such person shall be

9  fined under this title and imprisoned not less than fifteen years

10 . . . ." 18 U.S.C. § 924(e)(1).  Relevant to this case, § 924

11 defines "violent felony" as "any crime punishable by imprisonment

12 for a term exceeding one year . . . that is burglary . . . ."

13 Id. § 924(e)(2)(B).  Section 924(e)(2) does not, however, define

14 burglary.

15        For purposes of § 924(e), the Supreme Court established

16 that a prior burglary conviction must satisfy the elements of

17 "generic burglary," which the Court defined as "an unlawful or

18 unprivileged entry into, or remaining in, a building or other

19 structure, with intent to commit a crime."  Taylor, 495 U.S. 575,

20 598 (1990).  In providing this definition, the Supreme Court

21 recognized that many states' codes define burglary more broadly.

22 Relevant to this case, California Penal Code section 459, which

23 defines burglary, does not require that an entry be "unlawful or

24 unprivileged."  Id.; United States v. Velasco-Medina, 305 F.3d

25 839, 851 (9th Cir. 2002) ("This court has 'previously and

26 unequivocally held that California Penal Code section 459 is far

27 too sweeping to satisfy the Taylor definition of generic

28 burglary.'" (quoting United States v. Franklin, 235 F.3d 1165,

3

1  1169 (9th Cir. 2000))).

2          For defendant's prior burglaries to justify an enhanced
3  sentence under § 924(e)(1), the government must unequivocally
4  prove that defendant's prior convictions were for generic
5  burglary.  Taylor, 495 U.S. at 602; United States v. Lopez-
6  Montanez, 421 F.3d 926, 931 (9th Cir. 2005) (holding that the
7  documents the government submitted were insufficient to mandate
8  an enhanced sentence under § 924(e)(1) because they did not
9  establish that defendant committed all of the elements of generic
10 burglary).

11         In most cases, "sentencing courts must [] assess prior
12 convictions using a 'formal categorical approach, looking only to
13 the statutory definitions of the prior offenses, and not to the
14 particular facts underlying those convictions.'"  United States
15 v. Snellenberger, 493 F.3d 1015, 1018-19 (quoting Taylor, 495
16 U.S. at 600).  However, when a state's criminal statute is overly
17 inclusive, the court applies the "modified categorical approach"
18 to "determine if the record unequivocally establishes that the
19 defendant was convicted of the generically defined crime."
20 United States v. Corona-Sanchez, 291 F.3d 1201, 1211 (9th Cir.
21 2001).  In doing so, "[t]wo considerations guide the sentencing
22 court's analysis: avoiding an inquiry into the underlying facts
23 of the defendant's prior conviction, and relying on documentation
24 that clearly establishes a conviction based on all of the generic
25 elements of the underlying offense."  United States v. Velasco-
26 Medina, 305 F. 3d 839, 851 (9th Cir. 2002).

27         When applying the modified categorical approach to
28 prior convictions resulting from guilty pleas, the court can look

1    to "the terms of the charging document, the terms of a plea

2    agreement or transcript of colloquy between judge and defendant

3    in which the factual basis for the plea was confirmed by the

4    defendant, or to some comparable judicial record of this

5    information." Shepard v. United States, 544 U.S. 13, 26 (2005).

6    With this standard in mind, this court must examine the documents

7    the government submitted to determine whether they "clearly and

8    unequivocally" establish that defendant was convicted of generic

9    burglary. Snellenberger, 493 F.3d at 1020.

10         To prove defendant's prior convictions, the government

11   has submitted abstracts of judgments, minute orders, complaints,

12   and guilty pleas.  The court can only consider the complaints and

13   guilty pleas because the Ninth Circuit has rejected the use of

14   abstracts of judgments and minute orders under the modified

15   categorical approach.  Id. at 1020 n.5 ("[N]either abstracts of

16   judgments nor minute orders may be considered under the modified

17   categorical approach defined in Shepard.").[1]

18         The government provides two felony complaints, the

19   first charging three counts of general burglary on the 9th, 14th,

20   and 24th of April, 1990 ("April burglaries").  The second

21   complaint charges six counts of general burglary, occurring on

22   the 12th and 20th of March, 1990 ("March burglaries").  For all

23

24        [1]   Before Shepard, the Ninth Circuit approved the use of
     abstracts of judgments under the modified categorical approach so
25   long as the defendant plead guilty to the crime listed in the
     indictment.  See Velasco-Medina, 305 F.3d at 853 (holding that an
26   abstract of judgment was sufficient when coupled with the
     information because the count defendant pled guilty to included
27   all of the generic elements).  After Shepard, abstracts of
     judgments and minute orders can only be used "to prove the 'fact
28   of conviction' under Taylor."  Snellenberger, 493 F.3d at 1020
     n.5.

counts, the allegations are substantively the same: Defendant,
"in violation of Section 459/460.2/461.2 of the Penal Code
(GENERAL BURGLARY), a FELONY, did willfully and unlawfully enter
a [building] with the intent to commit larceny and any felony."
These charges sufficiently allege generic burglary because they
include the generic burglary element of an unlawful entry.
Still, under the modified categorical approach, the court cannot
rely exclusively on the complaint and must also examine the
sufficiency of the guilty pleas.  See Shepard, 544 U.S. at 26
(police report and complaint alone are insufficient); United
States v. Velasco-Medina, 305 F.3d 839, 852 (9th Cir. 2002) (an
information alone is insufficient because it merely shows what
the government intends to prove).

        With the April and March burglaries, defendant pled
guilty to second degree burglary under section 459.[2]  Relying on
United States v. Rodriquez-Rodriquez, 393 F.3d 849 (9th Cir.
2005), the government argues that "[b]y pleading guilty,
[defendant] admitted the factual allegations in the indictment."
Id. at 852.  While the government's argument is consistent with
Rodriquez-Rodriquez, that case is no longer controlling in a
post-Shepard era.  See Snellenberger, 493 F.3d at 1020 (listing
Rodriquez-Rodriquez as a pre-Shepard case).

        As noted above, Shepard held that a court's inquiry
under the modified categorical approach "is limited to the terms
of the charging document, the terms of a plea agreement or

---

        [2]    With the March burglaries, defendant also pled guilty
to sections 460.2 and 461.2, which simply define and establish
the penalties for second degree burglary.

transcript of a colloquy between judge and defendant <u>in which the factual basis for the plea was confirmed by the defendant</u>, or to some comparable judicial record of this information." <u>Shepard v. United States</u>, 544 U.S. 13, 26 (2005) (emphasis added).  Prior to <u>Shepard</u>, the Ninth Circuit had not required that a document include the "factual basis for the plea [as] confirmed by the defendant."  <u>See</u> <u>Snellenberger</u>, 493 F.3d at 1020 (distinguishing between pre- and post-<u>Shepard</u> cases).

For a plea to be sufficient under the modified categorical approach, the defendant must confirm the factual basis for the plea, not just the code section in the complaint. <u>See</u> <u>id</u>. at 1020 (explaining that documents were insufficient in <u>Shepard</u> because "the defendant was never asked if the information contained in the reports was true or accurately reflected his plea); <u>see also</u> <u>Ruiz-Vidal v. Gonzales</u>, 473 F.3d 1072, 1079 (9th Cir. 2007) and <u>Martinez-Perez v. Gonzales</u>, 417 F.3d 1022, 1028-29 (9th Cir. 2005).

In paragraph 20 of the defendant's guilty pleas, blank lines are provided for the defendant to "offer to the court the following facts as the basis for my plea of guilty to a felony." For the April robberies, defendant wrote, "On April 14, 9, & 24, in Orange County I entered buildings w/ intent to steal."  For the March robberies, defendant wrote, "On 3/20/90 in Orange County I entered a building with the intent to commit a theft inside."  Neither of these statements confirm that defendant entered the buildings "unlawfully."  <u>Taylor v. United States</u>, 495 U.S. 575, 598 (1990).

The government argues that "unlawfully" was simply

1  omitted by defense counsel (Gov't's Obj. to Presentence Report &

2  Sentencing Mem. 5); however, regardless of the reasons for

3  omitting the word, the omission is fatal under the modified

4  categorical approach.  Shepard and Snellenberger clearly require

5  defendant to confirm the facts constituting generic burglary in

6  the guilty plea.  Shepard, 544 U.S. at 26; Snellenberger, 493

7  F.3d at 1020.  For this court to determine that defendant's plea

8  "'necessarily' rested on the fact" that defendant entered

9  unlawfully, it would have to examine the facts of the prior

10  burglaries.  Shepard, 544 U.S. at 21 (quoting Taylor, 495 U.S. at

11  602).  The court cannot do so.  Taylor, 495 U.S. at 600; see also

12  Shepard, 544 U.S. at 22-23 (rejecting the government's argument

13  to treat plead cases different than jury cases in Taylor).

14       The government has not carried its burden to prove,

15  with clear and convincing evidence, that defendant was

16  unequivocally convicted of generic burglary.  Accordingly, the

17  defendant will not receive an enhanced sentence under §

18  924(e)(1).

19  **II.  Obstruction of Justice: § 3C1.1**

20       The government also seeks a two-level enhancement under

21  section 3C1.1 of the Guidelines for obstruction of justice.

22  Specifically, the government contends that defendant lied to the

23  court during the April 9, 2007 suppression hearing.  (Gov't's

24  Obj. to Presentence Report & Sentencing Mem. 2.)  Defendant's

25  sentence may be enhanced under this section only if the

26  government proves defendant's conduct by a preponderance of the

27  evidence.  United States v. Eirven, 987 F.2d 634, 636 (9th Cir.

28  1993).

Section 3C1.1 of the Guidelines requires a two-level enhancement if a defendant "willfully obstructed or impeded" the administration of justice with conduct that is related to the defendant's conviction or related offense.  U.S. Sentencing Guidelines Manual § 3C1.1; <u>see also</u>   <u>United States v. Sherwood</u>, 98 F.3d 402, 415 (9th Cir. 1996) (section 3C1.1 applies to suppression hearings).  While the guidelines do not define "obstruction of justice," it does provide examples of such conduct.  The government contends that defendant's conduct at the suppression hearing came within the example of "providing materially false information to a judge or magistrate."  U.S. Sentencing Guidelines Manual § 3C1.1 cmt. n.4(f).  The guidelines define "material evidence" as "evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination."  <u>Id</u>. § 3C1.1 cmt. n.6.

At the suppression hearing, defendant testified that the gun found in the car he was driving was not his and that he had never seen it before.  (Tr. of Record 50-51 (Apr. 9, 2007).)  Even assuming this testimony was false, defendant's statements were not material to the issue of the suppression hearing, which was whether the statements defendant made to the arresting officers about the gun were obtained in violation of <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).  To reach its ruling, the court examined the acts and statements of the officers and the defendant on the date of defendant's arrest.  (Apr. 20, 2007 Order.)  The Court did not, however, examine whether the defendant owned the gun, or lied about owning the gun, in ruling upon the suppression motion.

9

Accordingly, because defendant's statements at the suppression hearing were not material to the facts at issue in the hearing, a two-level enhancement for obstruction of justice is not warranted.

The Clerk shall place this matter back on the court's calendar for sentencing in accordance with this Memorandum.

DATED:  November 21, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

10